FILED
June 17, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. SA-98-CR-00304(2)-OLG |
| § | |
| PAUL SANTIVANEZ, § | |
| Defendant. § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed April 29, 2025, concerning Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 231). (*See* R&R, Dkt. No. 245).

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen (14) days after being served with a copy of the findings and recommendations. FED. R. CIV. P. 72(b)(2). Defendant, through counsel, was electronically served with a copy of the R&R on April 29, 2025, and timely filed his objections on May 13, 2025. (*See* Dkt. No. 246).

When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Here, Defendant objects to the R&R on the basis that Fifth Circuit precedent does not foreclose his compassionate-release argument and his reliance on the Sentencing Commission's amended policy statement § 1B1.13. (*See* Dkt. No. 246 at 2). The Court has reviewed that portion of the R&R de novo and finds that the Magistrate Judge correctly applied the relevant law to the facts. Under Fifth Circuit precedent, a non-retroactive change in any law

"cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)." *United States v. Austin*, 125 F.4th 688, 693 (5th Cir. 2025); *see also United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023) (holding "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence."). It is unquestionable that such precedent is controlling upon courts within this circuit.[1] Defendant's objections are unavailing because *Austin* and *Escajeda* preclude the Court's consideration of non-retroactive changes in the law when assessing a compassionate-release motion. *See Austin*, 125 F.4th at 692. The Court has reviewed the remainder of the R&R for clear errors and finds none. *See Wilson*, 864 F.2d at 1221 (explaining any portions of an R&R that are not objected to are reviewed for clear error).

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Dkt. No. 245) and, for the reasons set forth therein, Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Dkt. No. 231) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 17 day of June, 2025.

ORLANDO L. GARCIA
United States District Judge

---

[1] *See United States v. Lourde*, No. 1:18-CR-80(1), 2025 WL 1483451, at *5 (E.D. Tex. May 21, 2025) (citing *Austin* and *Escajeda* as "controlling precedent [that] precludes the court's consideration of non-retroactive changes in *any* law"); *United States v. Perez*, No. 4:06-CR-00315-1, 2025 WL 1594281, at *6 (E.D. Tex. June 5, 2025) ("Fifth Circuit precedent precludes considering non-retroactive changes in *any* law." (citing *Austin*, 125 F.4th at 693)).

2